IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS,

Plaintiffs,

vs.

TILCON DEVELOPMENT, INC.,

Defendant.                                          No. 04-CV-00475-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Plaintiffs Central Laborers' Pension, Welfare and Annuity Funds brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, **29 U.S.C. § 1001, *et seq.*,** seeking to recover money due and owing from Defendant Tilcon Development, Inc. ("Tilcon Development"), as well as attorneys' fees and costs for prosecuting this action. Now before the Court is Plaintiffs' Motion for Default Judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. **(Doc. 9)**. Because the Court finds that Plaintiffs have provided sufficient documentary support to establish they are entitled to damages in the amount of $5,008.18, the Court grants Plaintiffs' motion for default judgment against Tilcon Development.

## II. Facts and Findings

Plaintiffs, various pension, welfare and related joint labor-management funds, bring this action as "employee welfare benefit funds" and "plans" under ERISA. **(Doc. 1 at ¶ 2)**. Plaintiffs filed their complaint against Tilcon Development on July 12, 2004. **(Doc. 1)**. Tilcon Development was served with process on July 31, 2004. **(Doc. 3)**. As reflected in the Court's file, Tilcon Development has not entered an appearance, answered, or otherwise responded to this suit. Upon Plaintiffs' application the Clerk of the Court entered default against Tilcon Development on November 18, 2004. **(Doc. 6)**.

Article VI of the Restated Agreement and Declaration of Trust entitled "Contributions to the Fund" provides in part:

> **Section 7. LIQUIDATED DAMAGES**. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provided above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be minimally ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00) whichever is greater, waiving the necessity of any additional proof thereof.
>
> **Section 9. COLLECTION COSTS**. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer

shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustee in the course of the collection process.

**Section 10. AUDITS AND COSTS THEREOF.** The Trustee shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of the contributions to the Pension Fund. In the event it becomes necessary for the Trustee to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filing fees, audit costs, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in the situation as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. . . .

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

**(Doc. 9, Ex. B, Restated Agreement and Declaration of Trust of the Central Laborers' Pension Fund, Article VI)**.

Plaintiffs are entitled under the Restated Agreement and Declaration of Trust, the Participation Agreement **(Doc. 9, Ex. C)**, and the Memorandum Agreement **(Doc. 9, Ex. D)**, executed by Tilcon Development, to recover the

delinquent contributions as set forth in the completed audit; the cost of the audit; liquidated damages; and the costs and expenses of Plaintiffs, including their reasonable attorneys' fees, costs, and expenses. An audit of Tilcon Development's payroll books and records was completed on or around June 4, 2004 and revealed that Tilcon Development owed Plaintiffs $3,516.57. **(Doc. 9, Ex. A)**. In addition, the Court finds Tilcon Development owes Plaintiffs liquidated damages in the amount of $ 351.66 (10% of the delinquent contributions); audit costs in the amount of $496.07; and reasonable attorneys' fees, costs and expenses in the amount of $643.88 **(Doc. 9, Ex. E)**. In total the Court finds that Tilcon Development owes Plaintiffs **$5,008.18**.

### III. Conclusion

In sum, the Court **GRANTS** Plaintiffs' Motion for Default Judgment. **(Doc. 9)**. The Court **DIRECTS** the Clerk to enter a partial default judgment in the amount of **$5,008.18** against Tilcon Development. The Court will retain jurisdiction for enforcement purposes, as well as further proceedings in the event that additional amounts become due and owing.

**IT IS SO ORDERED.**

Signed this 10th day of June, 2005.

                                              /s/     David RHerndon
                                          **United States District Judge**